1  Michael Newton (State Bar No. 156225)
   michael.newton@alston.com
2  **ALSTON & BIRD LLP**
   Chase Tower
3  2200 Ross Ave., Ste. 3601
   Dallas, TX 75201-2708
4  Telephone: (214) 922-3400
   Facsimile: (214) 922-3899
5

6  Casondra K. Ruga (State Bar No. 237597)
   casondra.ruga@alston.com
7  Mitra M. Eskandari-Azari (State Bar No. 261978)
   mitra.azari@alston.com
8  **ALSTON & BIRD LLP**
   333 South Hope Street, 16th Floor
9  Los Angeles, California 90071
   Telephone: (213) 576-1000
10 Facsimile: (213) 576-1100

11 Attorneys for Plaintiff,
   **PALA INVESTMENTS HOLDINGS LIMITED**
12

FILED
10 NOV 22 PM 2:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:___

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALA INVESTMENTS HOLDINGS LIMITED, a Channel Islands corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALDEROX CANADA, INC., a Nevada corporation, GORDON W. DAVIES, an individual, and MICHAEL C. DAVIES, an individual,<br><br>Defendants. | Case No. **SACV10-01789 AG (CWx)**<br><br>**COMPLAINT FOR:**<br>1. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);**<br>2. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a));**<br>3. **CYBERSQUATTING;**<br>4. **MISAPROPRIATION OF TRADE SECRETS; AND**<br>5. **UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200)**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Pala Investments Holding Limited ("Pala") brings this Complaint for damages and injunctive relief to redress the widespread infringement of Pala's trademark rights and the equally damaging misappropriation of trade secret information acquired by Pala at substantial expense during a foreclosure auction. Pala acquired the valuable intellectual property rights of the now defunct entity, Alderox, Inc. ("AI"), including but not limited to AI's trademark rights in and to various versions of the mark "Alderox", certain patent rights, and AI's trade secret information (collectively "IP rights"). This lawsuit is made necessary by calculated and cynical attempts by former AI directors and officers to usurp Pala's IP rights for their unlawful purpose.

2. Defendants are the former President and Chief Financial Officer of AI, Gordon W. Davies ("Gordon") and Michael C. Davies ("Michael"), and their competing industrial supply and manufacturing company, Alderox Canada, Inc. ("ACI") (collectively "Defendants"). As detailed herein, Defendants unlawfully utilized the Alderox trademark in ACI's company name and as its domain name in order to benefit from the goodwill of the Alderox trademarks (that are owned by Pala), and to improperly divert business intended for Pala to ACI. As further detailed herein, ACI is now proceeding to produce, develop, and sell products that incorporate Pala's confidential product formulas and have further utilized AI's trade secrets (that are owned and controlled by Pala), without Pala's authorization, all for its own economic advantage. ACI's unlawful conduct was carried out in a systematic manner in an effort to enter the marketplace without the necessary investment of time and money to independently develop their own business and legitimate new products.

3. Pala seeks injunctive relief to restrain ACI from taking further action that violates its trademark rights and to restrain ACI from further misappropriating and unfairly competing with Pala. Pala also seeks damages to compensate Pala for

losses incurred as a result of ACI's misconduct.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1121, based on federal question jurisdiction. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5. This is an action arising under the Lanham Act § 32, 15 U.S.C. § 1114, the Lanham Act § 43, 15 U.S.C. § 1125, the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 *et seq.*, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

6. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400, because defendants transact business in this judicial district, reside in this district, and a substantial part of the events or omissions giving rise to the claims herein occurred within this district.

## PARTIES

7. Plaintiff Pala Investments Holdings Limited ("Pala") is a Channel Islands corporation with its principal place of business located at Saint Helier in Jersey. Pala is a leading international investment fund specializing in the mining and natural resources sector.

8. Defendant Alderox Canada, Inc. ("ACI") is a Nevada corporation with its principal place of business located at 1001 Calle Negocio, Suite B, San Clemente, California 92673.

9. Defendant Gordon W. Davies ("Gordon") was formerly the President of AI. Pala is informed and believes, and thereon alleges, that Gordon is now an officer and/or director of ACI. Pala is further informed and believes, and on that basis alleges, that Gordon resides within this judicial district.

10. Defendant Michael C. Davies ("Michael") was formerly the Chief Executive Office of AI. Pala is informed and believes, and thereon alleges, that

Michael is now an officer and/or director of AI. Pala is further informed and believes, and on that basis alleges, that Michael resides within this judicial district.

## GENERAL ALLEGATIONS

### A. The Initial Loan

11. Plaintiff Pala, a $1.2 billion multi-strategy alternative investment company, assists companies in which it has long-term shareholdings by providing strategic advice and innovative financing solutions.

12. On December 12, 2007, Pala lent Reclamation Consulting and Applications, Inc. ("Reclamation") $5 million in return for a secured interest in Reclamation's Collateral. The loan was memorialized in a document entitled "$5,000,000 Secured Convertible Debenture" ("the Debenture").

13. The Debenture defined Reclamation's "Collateral" as Reclamation's intellectual property rights, including but not limited to all rights to its patents, trademarks, and its general intangibles, which are defined to include trade secret information (hereinafter "Collateral"). Schedule J of the Debenture specifically identified Reclamation's domestic and international trademark and patent applications and registrations, including, among others, United States Trademark Registration Numbers 2905209 (for ALDEROX word mark) and 3022028 (for ALDEROX KR7 word mark) (collectively the "ALDEROX Marks").

14. In conjunction with the Debenture, on December 12, 2007, Reclamation and Pala also entered into a "Patent and Trademark Security Agreement" pursuant to which Reclamation irrevocably pledged and assigned to, and granted Pala a security interest with power of sale to the extent permitted by law, in various patents and trademarks, including the ALDEROX Marks, in exchange for Pala's credit accommodations. The Patent and Trademark Security Agreement reiterated, reconfirmed, and reinforced Pala's security interest in the Collateral, which were clearly articulated in the Debenture.

///

### B. The Default and Foreclosure

15. On or about May 16, 2008, Reclamation changed its corporate name to Alderox, Inc. ("AI").

16. AI defaulted on its loan from Pala. Following AI's default, Pala foreclosed on the Collateral pursuant to the terms of the Debenture.

17. On November 2, 2009, Pala provided AI with notice of foreclosure and pending public auction (hereafter "Foreclosure Auction").

18. In addition, on November 3, 2009, Pala published a "Public Auction Notice of Foreclosure Sale" in the Wall Street Journal ("WSJ Notice") advertising the pending sale of AI's Collateral.

19. The WSJ Notice described the Collateral for sale at the Foreclosure Auction as:

> "all of [AI's] accounts, chattel paper and electronic chattel paper, deposit accounts, documents, equipment, general intangibles, goods, instruments, inventory, investment property, real property, letterof-credit [sic] rights, letters of credit; . . . . Such Collateral will include United States Patent No. 6,902,606 (Release agent formulas and methods), and United States Trademark Reg. Nos. 3,109,303 (B20-POWER). 2,905,208 (ASA 12), 3,022,028 (ALDEROX KR7) and 2,905,209 (ALDEROX), certain corresponding foreign patens and registered trademarks, and in the case of each such trademark, any related goodwill."

20. At the Foreclosure Auction, Pala purchased the Collateral for a purchase price of $3,100,000. As a result, Pala acquired all rights, title, interest, and associated goodwill in and to the Collateral, including but not limited to the ALDEROX Marks and AI's trade secret information, which are considered general intangibles.

21. On November 16, 2009, AI and Pala entered into a "Termination Agreement and Mutual Release" ("Termination Agreement"). The Termination Agreement terminated and released AI and Pala from the Debenture and other

ancillary agreements. It further memorialized Pala's purchase of AI's Collateral at the Foreclosure Auction, contained a quitclaim whereby AI relinquished, released and waived any claim to ownership of the Collateral, including but not limited to the ALDEROX Marks.

### C. ACI's Improper Conduct

22. Less than one month before AI and Pala finalized Pala's purchase of AI's Collateral, on October 16, 2009, ACI was incorporated in Nevada.

23. Pala is informed and believes, and on that basis alleges, that defendants Michael and Gordon, who previously served as Chief Executive Officer and director of AI, respectively, were involved with the formation of ACI and currently serve as officers and/or directors of ACI.

24. Pala is informed and believes, and on that basis alleges, that as officers and/or directors of AI, Michael and Gordon had access to AI's confidential and proprietary trade secret information.

25. Pala is informed and believes, and on that basis alleges, that Michael and Gordon provided AI's trade secret information, including but not limited to AI's product formulas, results of its product trials, confidential application methods, customer lists and its confidential product pricing information, which Pala had purchased at the Foreclosure Auction, to ACI without Pala's authorization.

26. Pala is informed and believes, on that basis alleges, that ACI utilized the trade secret information Pala acquired in order to develop, produce, and offer for sale and distribute new competing release agents.

27. Pala is further informed and believes, and on that basis alleges, that ACI is the owner and operator of the website ALDEROXCANADA.COM. On its website, ACI describes the products and services it offers, including release agents used in the mining, rails and bulk materials handling markets. ACI's website further reveals that it performs product blending and equipment fabrication at its San Clemente, California facility.

## FIRST CLAIM FOR RELIEF

**Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114**

**(Against Defendant ACI)**

28. Pala hereby restates and incorporates by reference all allegations contained in paragraphs 1-27 above.

29. This claim, arising under Section 32 of the Lanham Act [15 U.S.C. §1114], is for infringement of trademarks registered to Pala in the United States Patent and Trademark Office.

30. Without Pala's authorization, ACI is marketing, offering for sale, and selling in commerce release agents and other industrial supply product using the ALDEROX Marks, which bear Registration Nos. 3,022,028 and 2,905,209.

31. ACI's aforesaid uses of the ALDEROX Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of ACI's goods, in that the public, and others, are likely to believe that ACI's goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Pala, all to Pala's irreparable harm.

32. Pala is informed and believes, and on that basis alleges, that ACI will continue to use the ALDEROX Marks unless enjoined.

33. ACI, by their above-enumerated acts, willfully and knowingly has violated and infringed Pala's rights in and to the federally-registered ALDEROX Marks, in violation of Section 32 of the Lanham Act [15 U.S.C. §1114], and ACI threatens to further violate and infringe Pala's said rights.

34. Pala is entitled to an order restraining and permanently enjoining ACI from further use of the ALDEROX Marks under 15 U.S.C. §1116(a).

35. Because of ACI's infringement, Pala has been injured and damaged, and is entitled to recover damages, ACI's profits, and costs pursuant to 15 U.S.C. §1117. Pala is unable, at present, to ascertain the full extent of the monetary damages it has suffered by ACI's said acts.

36. ACI's aforesaid conduct was intentional, or deliberately reckless, and without foundation in law. Accordingly, Pala is entitled to an award of treble damages against ACI, under 15 U.S.C. §1117(a).

37. The nature and scope of ACI's aforesaid acts make this an exceptional case, warranting attorneys' fees and costs, under 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition And False Designation of Origin**

**In Violation of 15 U.S.C. § 1125(a)**

**(Against Defendant ACI)**

38. Pala hereby restates and incorporates by reference all allegations contained in paragraphs 1-37 above.

39. ACI's acts and conduct constitute a false designation of origin, and are likely to cause confusion or mistake, or deceive as to affiliation, connection, or association of ACI with Pala, and as to origin, sponsorship, and/or approval of such services and products by Pala.

40. ACI's use in commerce of the ALDEROX Marks, on or in connection with its business and/or products, constitutes a false designation or origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. ACI's unauthorized use of the ALDEROX Marks on or in connection with its business and/or its products was done with notice and full knowledge that such use was not authorized or licensed by Pala. Pala is informed and believes, and on that basis alleges, that ACI willfully used and continues to use the ALDEROX Marks with the intent to confuse, mislead, or deceive consumers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of the products, and with the intent to trade on the reputation and goodwill of the ALDEROX Marks that were acquired by Pala.

42. As a direct and proximate result of ACI's conduct, Pala has suffered

irreparable harm to the valuable ALDEROX Marks. Unless ACI is restrained from further infringement of the ALDEROX Marks, Pala will continue to be irreparably harmed.

43. ACI's acts of unfair competition, false designation, description and representation are causing Pala irreparable injury. ACI continues to commit such acts, and unless restrained and enjoined, will continue to do so, to Pala's irreparable injury. Pala's remedy at law is inadequate to compensate it for injuries inflicted and threatened by ACI.

44. Because of ACI's conduct in violation of Section 34(a) of the Lanham Act, Pala is being injured and damaged, and is entitled to recover damages, ACI's profits, and costs under 15 U.S.C. §1117(a).

45. ACI used and is continuing to use ALDEROX Marks will full knowledge of Pala's rights, and in bad faith with willful and deliberate intent to trade on the substantial recognition, reputation, and goodwill of the ALDEROX Marks. In view of the willful nature of ACI's infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. §1117(a).

### THIRD CLAIM FOR RELIEF

### Cybersquatting

### In Violation of 15 U.S.C. § 1125(d)

### (Against Defendant ACI)

46. Pala hereby restates and incorporates by reference all allegations contained in paragraphs 1-45 above.

47. In identifying its business to the public, ACI, with a bad faith intent to profit from the ALDEROX Marks, has used, and is using as a trade name, house mark, and domain name the "ALDEROX CANADA" mark that is legally identical to, and is confusingly similar to the ALDEROX Marks.

48. ACI's conduct violates Section 43(d) of the Lanham Act, 15 U.S.C.

§1125(d).

49. By such improper use of the domain name ALDEROXCANADA.COM, ACI has caused and is causing substantial irreparable harm to Pala and will continue to damage Pala unless enjoined by this Court.

50. Pala has no adequate remedy at law.

51. Pala seeks the forfeiture and transfer of the domain name to Pala pursuant to 15 U.S.C. §1125(d)(C).

## FOURTH CLAIM FOR RELIEF

### Misappropriation of Trade Secrets

### In Violation of California Civil Code §3426 et seq.

### (Against All Defendants)

52. Pala hereby restates and incorporates by reference all allegations contained in paragraphs 1-51 above.

53. As used herein, "Trade Secret Material" refers to documents, information and other confidential materials, including but not limited to, AI's product formulas, results of its product trials, confidential application methods, customer lists, contract terms, its pricing and other confidential financial information purchased by Pala at the Foreclosure Action. All Trade Secret Materials referred to herein constitute trade secrets within the meaning of the California Uniform Trade Secrets Act, Cal. Code Civ. Proc. Section 3296 *et seq.*

54. Pala is informed and believes, and on that basis alleges, that prior to its acquisition of the Trade Secrets, AI made reasonable efforts under the circumstances to maintain the confidentiality of the Trade Secret Material.

55. Upon acquiring the Trade Secret Material, Pala took reasonable steps to maintain the confidentiality of the Trade Secret Material, including but not limited to, limiting access to the Trade Secret Material on a "need to know" basis; by maintaining the Trade Secret Material on secured servers and by limiting access to

computers with log-in identifications and passwords; and by reminding employees on a regular and periodic basis of their obligation to protect and maintain confidential and proprietary information.

56. The Trade Secret Materials derive independent economic value from not being generally known to the public or to other persons who can obtain economic benefit from their disclosure and (at least prior to their theft by Defendants) gave AI and Pala a significant competitive advantage over its existing and would-be competitors, including ACI.

57. Pala is informed and believes, and on that basis alleges, that AI's former officers and directors, Michael and Gordon, had access to Pala's Trade Secret Materials and provided said materials to ACI.

58. Defendants have used and disclosed the Trade Secret Materials without Pala's consent, all in violation of Cal. Civ. Code Section 3296 *et seq.*

59. Defendants' wrongful conduct has caused and, unless enjoined by this Court, will continue in the future to cause irreparable injury to Pala. Pala has no adequate remedy at law for such wrongs and injuries. Pala is therefore entitled to a permanent injunction restraining and enjoining Defendants, as well as its agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from further using in any manner Pala's Trade Secret Materials.

60. In addition, as a proximate result of Defendants' misconduct, Pala has suffered actual damages and Defendants have has been unjustly enriched.

61. The aforementioned conduct of the Defendants respecting the Trade Secret Materials was, is, and remains willful and wanton and was taken with blatant disregard of Pala's rights, and with the deliberate intent to injure Pala's business and improve Defendants' own. Pala is therefore entitled to enhanced damages under Cal. Civ. Code Section 3426. Pala is also entitled to reasonable attorneys' fees.

///

///

# FIFTH CLAIM FOR RELIEF

## California Unfair Competition Law

### In Violation of Code of Business & Profession §17200, *et seq.*

### (Against All Defendants)

62. Pala hereby restates and incorporates by reference all allegations contained in paragraphs 1-61 above.

63. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice . . . ."

64. By engaging in the foregoing conduct, Defendants have engaged in unlawful, unfair and/or fraudulent acts of unfair competition in violation of both the common law of the state of California and Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Such conduct included, without limitation ACI's infringement of the ALDEROX Marks in violation of 15 U.S.C. § 1114, its acts of federal unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), and its violation of § 43(d) of the Lanham Act (cybersquatting), and Defendants' misappropriation of trade secrets in violation of Cal. Civ. Code § 3426 *et seq.*

65. The wrongful acts of Defendants proximately have caused and will continue to cause Pala substantial injury, including loss of customers, injury to its goodwill, confusion for potential customers, injury to its reputable, and diminution in value of its ALDEROX Marks. These actions will cause imminent irreparable harm and injury to Pala, the amount of which will be difficult to ascertain, if they continue. Pala is without an adequate remedy at law.

66. Pursuant to Cal. Bus. & Prof. Code § 17203, Pala is entitled to an order, enjoining Defendants against further acts in violation of the UCL, and directing that Defendants disgorge all profits obtained as a result of their unfair and unlawful acts.

///

///

# PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Pala seeks relief from this Court as follows:

1. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2. An accounting and disgorgement of Defendants' profits;

3. An order that Defendants immediately cease and desist from selling or offering to sell products using the ALDEROX Marks;

4. An order permanently enjoining Defendants from using the ALDEROX Marks in connection with their business;

5. An order requiring Defendants to abandon use of the ALDEROXCANADA.COM domain name and/or transfer all rights in the domain name to Pala;

6. An order enjoining Defendants' use of Pala's Trade Secret Materials;

7. An order preventing the further unfairly competitive acts by ACI;

8. For prejudgment interest at the applicable rate;

9. For attorneys' fees costs and costs of suit; and

10. For such other relief as the Court deems just and proper.

DATED: November 22, 2010

MICHAEL NEWTON
CASONDRA K. RUGA
MITRA M. ESKANDARI-AZARI
**ALSTON & BIRD LLP**

Casondra K. Ruga
Attorneys for Plaintiff
**PALA INVESTMENTS HOLDINGS LIMITED**

## DEMAND FOR JURY TRIAL

Plaintiff Pala Investments, Inc. respectfully requests a jury trial on all issues thereby triable.

DATED: November 22, 2010

MICHAEL NEWTON
CASONDRA K. RUGA
MITRA M. ESKANDARI-AZARI
**ALSTON & BIRD LLP**

_____
Casondra K. Ruga
Attorneys for Plaintiff
**PALA INVESTMENTS HOLDINGS LIMITED**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

```
SACV10- 1789 AG (CWx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

MICHAEL J. NEWTON (SBN 156225)
CASONDRA K. RUGA (SBN 237597)
MITRA M. ESKANDARI-AZARI (SBN 261978)
ALSTON & BIRD LLP
333 S. HOPE ST., 16TH FL.
LOS ANGELES, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
Attorneys for Plaintiff PALA INVESTMENTS
HOLDINGS LIMITED

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALA INVESTMENTS HOLDINGS LIMITED<br>PLAINTIFF(S)<br>V.<br><br>ALDEROX CANADA, INC., GORDON W. DAVIES, and MICHAEL C. DAVIES<br>DEFENDANT(S). | CASE NUMBER<br><br>SACV10-01789 AG (CWx)<br><br>SUMMONS |

TO:DEFENDANT(S): <u>ALDEROX CANADA, INC., GORDON W. DAVIES, and MICHAEL C. DAVIES</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Casondra K. Ruga, Alston & Bird LLP</u>, whose address is <u>333 S. Hope St., 16th Fl. Los Angeles, CA 90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV 2 2 2010

By: __**CHRISTOPHER POWERS**__
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PALA INVESTMENTS HOLDINGS LIMITED

**DEFENDANTS**
ALDEROX CANADA, INC., GORDON W. DAVIES, and MICHAEL C. DAVIES

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MICHAEL J. NEWTON (SBN 156225)
CASONDRA K. RUGA (SBN 237597)
ALSTON & BIRD LLP
333 S. HOPE ST., 16TH FL, LOS ANGELES, CA 90071
Telephone: (213) 576-1000

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT: $** In excess of $100,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C § 1114, Trademark Infringement; 15 U.S.C. § 1124(a), Unfair Competition and False Designation of Origin

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument |  | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 340 Marine | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability |  | ☐ 555 Prison Condition |  |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service |  | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits |  | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations |  | ☒ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare |  | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** |  |  | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation |  |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application |  | ☐ 690 Other | ☐ 865 RSI (405(g)) |
|  | ☐ 240 Torts to Land |  | ☐ 440 Other Civil Rights |  | **FEDERAL TAX SUITS** |
|  | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: SACV10-01789

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pala Investments Holdings Limited is a Channel Islands Corporation with its principal place of business in Saint Helier, Jersey |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Alderox Canada, Inc., is a Nevada corporation with its principal place of business in Orange County; Michael C. Davies resides in Orange County. | Gordon W. Davies resides in San Diego County. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature]    Date 11/22/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)