1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALA INVESTMENTS HOLDINGS LIMITED, a Channel Islands corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>ALDEROX CANADA, INC., a Nevada corporation, GORDON W. DAVIES, an individual, and MICHAEL C. DAVIES, an individual,<br><br>    Defendants. | Case No. 8:10-CV-01789 AG CW<br><br>**[PROPOSED] PROTECTIVE ORDER** |

1 **GOOD CAUSE EXISTS FOR THIS ORDER**: The parties anticipate that some of the documents and information solicited in discovery, including discovery directed to third-parties, may be particularly sensitive, confidential and proprietary in nature. Such non-public information and documents should be protected from unnecessary disclosure and require special protection from disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

THUS, WHEREAS certain information, documents and things that contain trade secrets or other confidential business or other commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands; and

WHEREAS, it would serve the interests of the parties and participating nonparties to conduct this proceeding and discovery herein under a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY ORDERED THAT:

1. This Order shall govern:

    a. all testimony at depositions, pre-trial hearings, and at trial;

    b. all documents, information, materials or things produced by any party or third-party in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

    c. all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, or other materials.

The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

2. Any party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order. Discovery Materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL will be referred to as "Designated Materials." Any third-party producing documents pursuant to a subpoena or

otherwise may designate Discovery Materials pursuant to this Protective Order only if an authorized representative of the producing third-party executes a written acknowledgment, substantially in the form of Exhibit 1 annexed to this Protective Order, that the non-party has reviewed a copy of the Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding that third-party's designations under the Protective Order. All designations must be made in good faith and on reasonable belief that the designation accurately reflects the definition of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials.

      a. Materials marked "CONFIDENTIAL" shall be those Discovery Materials that the party making the designation (the "Designating Party") in good faith reasonably believes to comprise non-public, proprietary or confidential information (including but not limited to trade secrets[1]; confidential research, development or commercial information, such as sales, costs, pricing, financial data, marketing plans and strategies; and any other confidential or proprietary information not shared or disclosed to third parties) of the Designating Party.

      b. Subject to the provisions of paragraph 17, *infra,* materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery Materials that the Designating Party in good faith reasonably believes to comprise unpatented and proprietary formulas or compounds, the disclosure of which would be likely to cause competitive harm. Discovery Materials may only be designated HIGHLY CONFIDENTIAL if the Designating Party believes in good faith that designation as CONFIDENTIAL will not provide adequate protection.

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

       c.    All Discovery Materials made available for inspection, and the information contained therein, shall be treated as "HIGHLY CONFIDENTIAL" until such time as the Designating Party has had sufficient opportunity to review such Discovery Materials and designate them as appropriate.

    3.    Discovery Materials shall be used by the Receiving Party solely for purposes related to this litigation (the term "related to" is not without limitation, and does not mean that Discovery Materials can be disseminated to the media and general public), but not for any other purpose whatsoever.

    4.    Information designated as "CONFIDENTIAL" ("Confidential Information") shall be used by the Receiving Party solely for purposes related to this litigation between the parties, and may be disclosed only to the following persons:

       a.    any employee or former employee of a party to whom it is deemed necessary that the documents be shown for purposes of the litigation, provided that any such employee or former employee shall be advised that they are subject to the terms of this protective order before being provided Designated Materials;

       b.    outside counsel for the respective parties, and employees of and independent contractors for outside counsel that are engaged in work for such counsel necessary to assist in this litigation. The term "outside counsel" shall mean the attorneys and their firms who have entered an appearance in this case. If any of the parties seek to add additional law firms, it shall notify the opposing party(ies) of the intended addition. The opposing party(ies) shall have 30 days from the date of notification in which to object to the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to the intended additional law firm. If objection is timely made, no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material may be disclosed to said law firm(s) unless otherwise agreed to by the parties or ordered by the Court. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the

1    additional law firm shall acknowledge in writing that it is familiar with and
2    agrees to comply with all provisions of this Protective Order;

3               c.   experts or consultants retained for purposes of this
4    litigation, but only to the extent necessary to: (a) prepare a written opinion, (b)
5    prepare to testify in the litigation, or (c) assist counsel in the prosecution of the
6    litigation; provided that such expert or consultant (i) is using the Confidential
7    Information solely in connection with the litigation, and (ii) signs the
8    Acknowledgement attached to this Protective Order before being provided
9    Confidential Information;

10              d.   witnesses in the course of deposition, hearing, or trial
11   testimony where counsel has a reasonable and good faith belief that examination
12   with respect to the Confidential materials is necessary, and any person being
13   prepared to testify where counsel has a reasonable and good faith belief that such
14   person will be a witness in this action and that his examination with respect to the
15   Confidential Information is necessary in connection with such testimony; persons
16   to whom Confidential Information are disclosed pursuant to this subparagraph
17   may not be permitted to retain copies of the Confidential Information;

18              e.   any authorized representative of an insurer or other person
19   providing or potentially providing indemnity with regard to the litigation, provided
20   that any such person shall be advised that they are subject to the terms of this
21   protective order before being provided Designated Materials;

22              f.   the author of the Confidential Information and anyone
23   shown as having received the Confidential Information in the ordinary course of
24   business;

25              g.   court reporters and persons preparing transcripts of
26   depositions;

27              h.   the Court, Court personnel, and jurors or potential jurors;
28   and

                     i.    any other person only upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, or at a hearing or trial.

          5.    Information designated as "HIGHLY CONFIDENTIAL" ("Highly Confidential Information") shall be used by the Receiving Party solely for the purposes related to litigation between the parties and may be disclosed only to the following persons:

                     a.    Outside counsel for the respective parties, and employees of and independent contractors for outside counsel engaged in work for such counsel necessary to assist in this action.  The term "outside counsel" shall have the same meaning as defined in paragraph 4(b) above, and the same restrictions, terms and conditions set forth in paragraph 4(b) above shall apply equally to this paragraph 5;

                     b.    experts or consultants retained for purposes of this litigation, but only to the extent necessary to: (a) prepare a written opinion, (b) prepare to testify in the litigation, or (c) assist counsel in the prosecution of the litigation; provided that such expert or consultant (i) is using the Highly Confidential Information solely in connection with the litigation, (ii) signs the Acknowledgement attached to this Protective Order before being provided Highly Confidential Information;

                     c.    the author of the Highly Confidential Information and anyone shown as having received the Highly Confidential Information in the ordinary course of business;

                     d.    any authorized representative of an insurer or other person providing or potentially providing indemnity with regard to the litigation, provided that any such person shall be advised that they are subject to the terms of this protective order before being provided Designated Materials;

                     e.    court reporters and persons preparing transcripts of depositions;

    f.  the Court, Court personnel, and jurors or potential jurors; and

    g.  any other person only upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, hearing or trial.

  6.  Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Protective Order, or otherwise required by law.  Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Protective Order.

  7.  The recipient of Designated Materials provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.  Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for purposes related to this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the Designated Materials on which they are based.

  8.  In the event a Party deems it necessary or appropriate to disclose any Materials designated as "CONFIDENTIAL" to any person not specified in paragraph 4, or to disclose any Material designated as "HIGHLY CONFIDENTIAL" to any person not specified in paragraph 5 (the "Proposed Disclosure"), that party shall notify counsel for the producing Designating Party in writing of:  (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent

1  written permission of the Designating Party, unless the party wishing to make the
2  Proposed Disclosure obtains an order from the Court permitting the Proposed
3  Disclosure.  Counsel shall obtain from all persons to whom disclosures are made
4  pursuant to this paragraph 9 a written acknowledgement, substantially in the form of
5  Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this
6  Protective Order, will comply with its terms in all respects and will submit to the
7  jurisdiction of this Court for adjudication of any dispute about whether such person
8  or persons have complied with the terms of this Protective Order.

9        9. In the event of any inadvertent disclosure of attorney-client
10 privileged information or information subject to the attorney work product doctrine
11 or any other privilege, the party making such inadvertent disclosure, after learning of
12 such inadvertent disclosure, shall notify the party to whom the inadvertent
13 disclosure was made; the party to whom the inadvertent disclosure was made shall
14 then immediately return such material and all copies the party made thereof.  Also, in
15 the event any party hereto receives any document from another party that upon its
16 face is subject to the attorney-client privilege, attorney work product doctrine, or
17 any other privilege, that party shall immediately return such document and all
18 copies the party made thereof to the party who produced the document.

19       10. Disclosing parties shall designate Discovery Materials
20 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

21       a. In the case of documents, interrogatory answers, responses
22 to requests to admit, and the information contained therein, designation shall be
23 made by placing the following legend on every page of any such document prior to
24 production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

25       b. In the case of depositions, designation of the portion of the
26 transcript (including exhibits) which contains Designated Materials shall be made by
27 a statement to such effect on the record in the course of the deposition or, upon
28 review of such transcript, by counsel for the party to whose Designated Materials

1  the deponent has had access, which counsel shall designate within ten (10) days after
2  counsel's receipt of a certified transcript from the court reporter. If a portion of a
3  deposition is designated as Designated Materials before the deposition is
4  transcribed, the transcript of the "Designated Materials" shall be bound in a
5  separate volume marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as
6  appropriate. If a portion of a deposition is designated as Designated Materials
7  during the course of a deposition, counsel may request all persons, except persons
8  entitled to receive Designated Materials pursuant to this Protective Order, to leave
9  the room while the deposition is proceeding until completion of the answer or
10 answers containing Designated Materials. If a portion of a deposition is designated as
11 Designated Materials after the deposition is transcribed, counsel shall list on a
12 separate piece of paper the numbers of the pages of the transcript containing
13 Designated Materials, inserting the list at the end of the transcript, and mailing
14 copies of the list to counsel for all parties so that it may be affixed to the face of the
15 transcript and each copy thereof. Pending such designation by counsel, the entire
16 deposition transcript, including exhibits, shall be deemed "HIGHLY
17 CONFIDENTIAL." If no designation is made within thirty (30) days after receipt
18 of a certified transcript from the court reporter, the transcript shall be considered
19 not to contain any Designated Materials;

20              c.    Transcripts of depositions or documentation produced in the
21 action will not be filed with the Court unless it is necessary to do so for purposes of
22 trial, motions for summary judgment, or other matters. The parties shall use their best
23 efforts to include Designated Materials in Court filings only when absolutely
24 necessary, and shall, to the extent possible, file redacted versions of sealed filings
25 that redact any portions of those filings that contain or reflect Designated Materials.
26 If a motion to seal is pending, any materials filed under seal shall remain under seal
27 and shall not be disclosed to any person other than Court personnel, opposing
28 counsel, and any other person permitted under the terms of this Protective Order to

1  have access to the sealed materials until the Court has ruled on that motion. If the
2  Court grants the motion to file under seal, the documents shall remain under
3  seal and shall not be disclosed except as provided in this Protective Order or other
4  Court Order. A complete, unredacted set of documents filed under seal shall be
5  provided by the filing party to opposing counsel.
6  　　　　　　　　d.　Any Designated Materials produced in a non-paper media
7  (e.g. videotape, audiotape, computer disk, *etc.*) may be designated by labeling the
8  outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY
9  CONFIDENTIAL." In the event a Receiving Party generates any "hard copy,"
10 transcription, or printout from any such designated non-paper media, such party
11 must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and
12 the hard copy, transcription or printout shall be treated as it is designated.
13 　　　　　11.　If timely corrected, an inadvertent failure to designate qualified
14 information or items as "Confidential" or "Highly Confidential" does not, standing
15 alone, waive the Designating Party's right to secure protection under this Order for
16 such materials. If the material is appropriately designated as "Confidential" or
17 "Highly Confidential" after it was initially produced, the Receiving Party, on timely
18 notification of the designation, must make reasonable efforts to assure that the
19 Designated Materials are treated in accordance with the provisions of this Order.
20 　　　　　12.　A party shall not be obligated to challenge the propriety of a
21 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time
22 made, and failure to do so shall not preclude a subsequent challenge thereto during
23 the pendency of this litigation. In the event that any party to this litigation
24 disagrees at any stage of these proceedings with such designation, such party shall
25 provide to the Designating Party written notice of its disagreement with the
26 designation. The parties shall first try to dispose of such dispute in good faith on an
27 informal basis. If the dispute cannot be resolved, the party seeking to de-designate
28 the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may file a

motion requesting that this Court determine whether the disputed material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the Protective Order. The burden of proving that information has been improperly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is on the Receiving Party. Discovery Material designated as Designated Materials shall retain this status as well as its category of designation until such time as either: (a) the parties expressly agree otherwise in writing, or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

13. In the event that any Designated Materials are used in any Court proceeding in connection with this litigation (other than trial), it shall not lose its "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14. In the event that the case proceeds to trial, any Designated Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that is admitted as an exhibit becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

15. If Designated Materials are disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16. In the event any Receiving Party having possession, custody or control of any Discovery Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding the Discovery Materials, such Receiving Party shall notify counsel for the Designating

1  Party of the subpoena or other process or order, furnish counsel for the Designating
2  Party with a copy of said subpoena or other process or order, and cooperate with
3  respect to all reasonable procedures sought to be pursued by the Designating Party
4  whose interests may be affected.  The Designating Party shall have the burden of
5  defending against such subpoena, process or order.  The Receiving Party shall be
6  entitled to comply with the subpoena or other process or order except to the extent the
7  Designating Party is successful in obtaining an order modifying or quashing the
8  subpoena or other process or order.

9         17.  Entering into, agreeing to, and/or producing or receiving
10 information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or
11 otherwise complying with the terms of this Protective Order shall not:

12       a.  operate as an admission by any party that any material
13 designated by another party or non-party actually contains or reflects trade secrets or
14 other confidential information;

15       b.  reduce in any way the rights of the parties or non-parties from
16 whom discovery may be sought to object to a request for discovery or to the
17 production of documents or materials that they may consider not subject to discovery
18 or privileged from discovery;

19       c.  prejudice in any way the rights of any party to object to
20 the authenticity or admissibility of any document, materials, or testimony that is
21 subject to this Protective Order;

22       d.  prejudice in any way the rights of any party to seek a
23 determination by the Court as to the appropriateness of a designation; and/or

24       e.  prevent the parties from agreeing to alter or waive the
25 protections or remedies provided in this Protective Order with respect to any
26 particular Designated Materials or Discovery Materials, provided that such
27 agreement, alteration, or waiver is in writing and signed by both parties.

28

1  18. This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in Stipulated Protective Order.

19. This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, trade secret, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law both foreign and domestic.

20. Nothing contained herein shall preclude a producing entity from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

21. After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other Order of this Court. The Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

22. All Designated Material subject to this Protective Order shall be returned to the Designating Parties upon termination of this action (or, upon written permission by the Designating Party, destroyed). Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal. Upon such termination, counsel of record for the Receiving Party shall notify counsel for the Designating Party of compliance. Counsel for the Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective

1  Order from any person to whom such information has been given, and shall notify
2  counsel for the Designating Party of the failure to retrieve any such information.

3  Such information shall include descriptive detail of any document not
4  returned or destroyed. Nothing in this paragraph shall preclude outside counsel from
5  retaining after termination of this action one copy of (a) pleadings, motions, and
6  memoranda filed with the Court; and (b) deposition, hearing and trial transcripts and
7  exhibits, <u>provided,</u> <u>however,</u> that such counsel may not disclose retained materials
8  that contain Designated Materials to any unauthorized person and shall keep such
9  retained materials in a manner reflecting their confidential nature.

11  IT IS SO ORDERED.

13  DATED:      April 13, 2011                        *Carla M. Woehrle*

                                                    Honorable Carla Woehrle
                                                    United States Magistrate Judge

# EXHIBIT 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of **PALA INVESTMENTS HOLDINGS LIMITED v. ALDEROX CANADA, INC., et al., Case No.: 8:10-CV-01789 AG CW.**  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
                [printed name]

Signature:_____

# PROOF OF SERVICE

I, Casondra K. Ruga, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, California, 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On March 31, 2011, I served the document(s) described as **[PROPOSED] PROTECTIVE ORDER** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ UPS NEXT DAY AIR: I deposited such envelope in a facility regularly maintained by UPS with delivery fees fully provided for or delivered the envelope to a courier or driver of UPS authorized to receive documents at Alston & Bird LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY E-MAIL: I submitted an electronic version of this document and exhibits, if any, via PDF to all parties at their e-mail addresses on the attached Service List.

☐ [State]   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2011, at Los Angeles, California.

/s/ Casondra K. Ruga
Casondra K. Ruga

*PALA INVESTMENTS HOLDINGS LIMITED*
*v. ALDEROX CANADA, INC., ET AL.*
**USDC Case No. 8:10-CV-01789 AG CW**

**Service List**

| | |
|---|---|
| Todd B. Becker, Esq. | Attorneys for Defendants |
| Law Offices of Todd B. Becker | ALDEROX CANADA, INC. |
| 3750 East Anaheim Street | GORDON W. DAVIES |
| Suite 100 | MICHAEL C. DAVIES |
| Long Beach, CA  90804 | |
| (562) 495-1500 | |
| (562) 494-8904 - FAX | |